IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JERRY W. YOUNG,

    PLAINTIFF,

v.                                                                        CASE NO.: CV-06-J-22-S

LIBERTY MUTUAL INSURANCE
COMPANY,

    DEFENDANT.

## MEMORANDUM OPINION and ORDER

    This case is before the court on the defendant's notice of removal (doc. 1), which the court has considered *sua sponte*. The plaintiff filed suit in Jefferson County, Alabama, seeking benefits under the workers' compensation law of Alabama. Specifically, the plaintiff alleges that the defendant has failed and/or refused to pay for medical treatment authorized by a Consent Decree which settled the plaintiff's workers' compensation claim. Complaint, ¶ 3. The plaintiff states claims for outrage and breach of contract.

    Defendant filed a notice of removal asserting this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because "it is believed that Plaintiff will make a demand in excess of $75,000 for compensatory damages alone." Notice of Removal, ¶¶ 4.

Although the plaintiff concedes that he intends to seek more than $75,000.00, exclusive of interest and costs (doc. 6), the court must also consider whether this case, clearly arising out of the state workers' compensation laws, is even removable. Pursuant to 28 U.S.C. § 1445, a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

Although neither party has produced the Circuit Court Order which requires defendant to pay plaintiff's ongoing medical costs for treatment related to the workers' compensation injury, the Alabama Workers' Compensation Act itself requires the provision of future medical benefits. *See e.g., Robbins Tire and Rubber Co. v. Byrd*, 659 So.2d 672, 674 (Ala.Civ.App.1995). The plaintiff states that "Liberty Mutual Insurance Company is described in the decree as the Defendant's worker's compensation insurance carrier. The decree provides that future medical treatment for the injuries (sic) related to these injuries are left open." Complaint, ¶ 2. Defendant admits the allegations of this paragraph of the complaint. Answer, ¶ 2. The plaintiff the alleges that the defendant has interfered with and failed to authorize treatment prescribed by plaintiff's authorized physicians. Complaint, ¶ 3. The defendant denies this assertion. Answer, ¶ 3.

The court finds that, even assuming that the Circuit Court Order is capable of

being the subject of a wholly separate lawsuit, the current claim is actually a dispute over the provision and necessity of medical services as outlined in § 25-5-77(a) of the Alabama Code. Section 25-5-77(a) states mandatorily "[a]ll cases of dispute as to the necessity and value of the services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation."

Having considered the foregoing, the court is of the opinion that this case is a dispute as to the necessity of continuing medical treatment for the plaintiff pursuant to an on the job injury clearly covered by the Alabama Workers' Compensation statute. Calling it a suit for some other type of claim, such as breach of contract or outrage, does not change this essential nature of the claim.[1]  This case is clearly within the definition of non-removable actions under 28 U.S.C. § 1445. *See e.g., New v. Sports & Recreation, Inc.*, 947 F.Supp. 453, 456 (S.D.Ala.1996) ("section 1445(c) was meant to bar removal of the whole realm of cases relating to workers' compensation").

The court finding that this case was improvidently removed as this case falls

---

[1] The court is of the opinion that, aside from falling within the state workers' compensation laws, this case is actually a contempt action in disguise. Plaintiff claims that defendant is in violation of a Consent Decree entered in *Young v. Butler Manufacturing Company*, CV 00-6800-JDC, in the Circuit Court of Jefferson County, Alabama. The proper place to enforce a court Order is before the court which entered that Order. Although the defendant before this court was not a named party to that action, the court named Liberty Mutual Insurance Company as the defendant employer's worker's compensation insurance carrier. *See* complaint, ¶ 2; answer, ¶ 2.

within the list of "nonremovable actions" pursuant to 28 U.S.C. § 1445(c);

It is **ORDERED** by the court that the plaintiff's complaint be and hereby is **REMANDED** to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this the 24th day of January, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE